# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ERVIN CABLE CONSTRUCTION, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v.   ) | **Case No.:** |
| ) | |
| **ADMIRAL INSURANCE GROUP and ALL TYPE UTILITIES, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Ervin Cable Construction, LLC ("Ervin"), pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, hereby files this Complaint for Declaratory Judgment directed to the Defendants, Admiral Insurance Group ("Admiral") and All Type Utilities, LLC ("All Type"), to determine and declare the rights and duties of the parties under: (1) a Subcontract entered into between Ervin and All Type; and (2) policies of insurance issued by Admiral to All Type in 2017 and 2018, to which Ervin and Crown Castle USA, Inc. ("Crown Castle") were additional insureds.

## PARTIES, JURISDICTION AND VENUE

1.  Ervin is a foreign limited liability company formed under the laws of Delaware with its principal place of business located at 450 Pryor Blvd., Sturgis,

1

Kentucky 42459. At all material times, Ervin was authorized to do business in Alabama.

2. Admiral is a foreign corporation organized and duly incorporated under the laws of New Jersey with its principal place of business at 1000 Howard Boulevard, P.O. Box 5430, Suite 300, Mount Laurel, New Jersey that, at all times material hereto, was authorized to issue policies of insurance in Alabama.

3. All Type is a foreign limited liability company organized and duly incorporated under the laws of Texas with its principal place of business at 212 W. Troy Street, Suite B, Dothan, Alabama 36303 that, at all times material hereto, was authorized to conduct business in Alabama.

4. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, based on complete diversity of citizenship between Ervin and the Defendants, and based on the amount in controversy.

6. Venue is proper in in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted occurred within this judicial district.

## GENERAL ALLEGATIONS

7. On March 7, 2017, Ervin entered into an agreement with All Type

under which All Type would perform certain underground utility subcontract work (the "Subcontract").  A copy of the Subcontract is attached as Exhibit A.

8. The Subcontract was entered into for the purpose of performing certain subcontract work under Ervin's primary contract with Crown Castle.

9. The Subcontract identified All Type as "Subcontractor" and Ervin as "Contractor."  Crown Castle was identified as the "Project Owner."

10. Section 10(a) of the Subcontract included an indemnification provision, and provided as follows:

> Subcontractor shall defend, indemnify, reimburse and hold harmless Contractor, its parent company, Project Owner, Project Owner's lender(s), and it's or their respective parents (direct or indirect), subsidiaries, affiliates, officers, directors, representatives, agents, servants and/or employees(each an "Indemnified Party" and collectively, the "Indemnified Parties") from, for and against all suits, claims, actions, losses, expense, costs (including without limitation reasonable attorneys' fees and court costs), fines, levies, awards, penalties, damages and/or other liability, damage or injury of any kind or nature (direct or indirect) to all persons and to all property including all settlement sums, losses, and expenses, including attorneys' fees, suffered by an Indemnified Party, which are caused by, or resulting from, arising out of, related to, or based upon:
>
> (i) actual or alleged injury (including death) to any persons or property (real, personal, tangible or intangible) that may occur, which is caused by, connected with or related in any way to (A) the performance or nonperformance of Subcontractor's Work under this Agreement; (B) any defects in the Work; (C) breach of this

>Agreement; (D) violation of any applicable law; and/or (E) the actions or omissions of Subcontractor, its employees, agents, licensees, designees or sub-subcontractors. . .

11. Section 10(d) of the Subcontract provided that All Type would "reimburse each Indemnified Party for any legal expenses incurred in enforcing Subcontractor's obligations and/or the indemnity granted to them pursuant to this Agreement.

12. Section 11 of the Subcontract provided that All Type would

>…at its own expense, defend the Indemnified Parties against any claim, or any legal proceeding which may invoke Subcontractor's obligations under this Agreement.

13. Section 12 of the Subcontract provided that All Type would procure a policy of Commercial General Liability insurance providing for minimum limits of liability of $1,000,000 per occurrence and $2,000,000 general aggregate coverage per project, naming "Ervin Cable Construction, LLC; Project Owner; and their direct and indirect parent(s) subsidiary(ies) and/or affiliated companies;…as **'Additional Insured.'**" (Emphasis in original).

14. As required by Section 12 of the Subcontract, All Type obtained insurance policies from Admiral, with policy number CA000026545-01, with effective dates of February 28, 2017 to February 28, 2018, and policy number CA000026545-02, with effective dates of February 28, 2018 to February 28, 2019

(collectively, the "Policies"). The Certificates of Insurance ("COI") for the Policies are attached as Exhibit B.

15. Ervin and Crown Castle were additional insureds under the Policies.

16. In furtherance of the Subcontract, All Type performed certain work in June of 2017, at or near property located at 1600 3rd Avenue South in Birmingham, Alabama ("the Work").

17. While performing the Work, All Type caused damage to Children's of Alabama's ("Children's") emergency power duct bank ("the Incident").

18. Upon information and belief, the damage was the result of fiber conduits placed by All Type breaching conduits connecting Children's Central Energy Plant to various Children's facilities.

19. As a result of the damages alleged to have been caused by Incident, Children's presented a claim for damages of $228,613.45 (the "Claim").

20. On July 3, 2019, Ervin made demands to both Admiral and All Type for defense and indemnity, as required by the Subcontract. In the demands, Ervin also requested copies of the Policies.  See the demands attached as Exhibit C.

21. To date, Admiral and All Type have failed to accept Ervin's demands for defense and indemnity.

22. Admiral and All Type have further failed to provide Ervin with copies of the Policies.

23. Due to the failure to accept Ervin's demands for defense and indemnity, Ervin has been forced to retain counsel and file this declaratory judgment action in order to have this Court declare the rights and obligations under the Subcontract and the insurance policies issued by Admiral.

## COUNT I - DECLARATORY JUDGMENT
### (ADMIRAL AND ALL TYPE)

24. Ervin re-alleges and incorporates by reference the allegations contained in paragraphs 1-23 above, as if fully set forth herein.

25. Under the terms of the Subcontract, All Type was obliged to obtain insurance with the policies, coverages, and limits of liability set forth in Section 12 of the Subcontract.

26. All Type obtained the Policies, which were issued by Admiral.

27. Ervin and Crown Castle were listed as additional insureds on the Policies, as required by Section 12 of the Subcontract.

28. The Incident was an occurrence triggering coverage under one or more of the Policies.

29. The Claim arose out of the Incident.

30. Ervin and Crown Castle are entitled to receive a full defense against the allegations of the Claim, and indemnity from any damages associated with the Claim.

31. Ervin and Crown Castle are also entitled to receive a full defense and indemnification as to any future claims arising from the Incident.

32. Admiral and All Type's failure to provide Ervin with copies of the Policies has hindered Ervin's ability to enforce rights granted to it and Crown Castle under the Policies as additional insureds.

33. Ervin is entitled to reimbursement for the costs and reasonable attorneys' fees incurred by Ervin in enforcing its and Crown Castle's rights as additional insureds under the Policies.

## COUNT II – BREACH OF CONTRACT
## (ADMIRAL)

34. Ervin re-alleges and incorporates by reference the allegations contained in paragraphs 1-33 as if fully set forth herein.

35. Admiral issued the Polices.

36. Ervin and Crown Castle are additional insureds under the Policies.

37. As additional insureds, Ervin and Crown Castle have a contractual relationship with Admiral.

38. Admiral has breached the Policies by not providing Ervin and Crown Castle with a defense and indemnification against the allegations arising out of or related to the Claim.

39. As a result of Admiral's breach of contract, Ervin has suffered damages in an amount to be proven at trial.

## COUNT III – BREACH OF CONTRACT
### (ALL TYPE)

40. Ervin re-alleges and incorporates by reference the allegations contained in paragraphs 1-39 as if fully set forth herein.

41. All Type has breached the Subcontract by not defending and indemnifying Ervin and Crown Castle with regard to the Claim.

42. All Type may have also breached the Subcontract by failing to procure insurance coverage as required by the Subcontract.

43. As a result of All Type's breach of the Subcontract, Ervin has suffered damages in an amount to be proven at trial.

WHEREFORE, Ervin respectfully requests that this Court:

1. Issue a declaratory judgment:

    a. that Ervin and Crown Castle are entitled, as additional insureds under the Policies, to receive from Admiral and/or All Type, full defense and indemnity for the Claim;

    b. that Ervin and Crown Castle are entitled, as additional insureds under the Policies, to receive from Admiral and/or All Type, full defense and indemnity for any other claims arising out of or related to the Incident;

    c. that Ervin and Crown Castle are entitled, as additional insureds under the Policies, to receive from Admiral and/or All Type, copies of the Policies.

2. Award Ervin compensatory damages; and

3. Require Admiral and All Type to reimburse Ervin for its reasonable attorneys' fees and costs incurred in enforcing its contractual rights under the Subcontract and Policies, as well as any other relief this Court deems just and proper.

Respectfully submitted, this 23rd day of August, 2019.

                                 **/s/ Marcus A. Jaskolka**
                                 Marcus A. Jaskolka
                                 (ASB-9519-A63J)
                                 Robert E. Hawthorne, III
                                 (ASB-9547-R79H)
                                 Attorneys for Plaintiff
                                 Ervin Cable Construction, LLC

**OF COUNSEL:**
GAINES, GAULT, HENDRIX, P.C.
3500 Blue Lake Drive, Suite 425
Birmingham, Alabama  35243
(205) 980-5888
mjaskolka@ggh-law.com
thawthorne@ggh-law.com

PLEASE SERVE THE DEFENDANTS VIA PRIVATE PROCESS SERVER AS FOLLOWS:

Admiral Insurance Group
1000 Howard Boulevard
Suite 300
Mount Laurel, NJ 08054

All Type Utilities, LLC
c/o Registered Agents Inc.
212 W. Troy Street
Suite B
Dothan, AL 36303